UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DELVIN WIGGINS (#A10985)

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                    NUMBER 13-785-JJB-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 13, 2014.

　　　　　　　　　　　　　　　　　　　STEPHEN C. RIEDLINGER
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DELVIN WIGGINS (#A10985)

VERSUS                                                CIVIL ACTION

BURL CAIN, ET AL                                      NUMBER 13-785-JJB-SCR

### MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate currently confined at Ascension Parish Jail, Donaldsonville, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana State Penitentiary Warden Burl Cain, Warden Cathy Fontenot and Warden Kevin Benjamin. Plaintiff alleged that in 2010 he was diagnosed with Irritable Bowel Syndrome ("IBS").  Plaintiff alleged that he presented with IBS symptoms one to two years prior to being diagnosed with IBS by treating physicians.  Plaintiff alleged that he was advised by treating physicians that IBS could be contracted from contaminated drinking water or food.  Plaintiff acknowledged that he was, and is, being treated, but he seeks a long-term remedy.  Plaintiff sought compensation for pain and suffering due to his IBS, and for long-term IBS treatment.

### Applicable Law and Analysis

**A. Frivolous Standard**

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.

*Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**B. Respondeat Superior**

Plaintiff failed to allege any facts against the named defendants. To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that these defendants are responsible for the actions or inactions of their subordinates or others is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

## II. Conclusion

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.[1]

## RECOMMENDATION

It is the recommendation of the magistrate judge that this action be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim the plaintiff could assert against these defendants consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, January 13, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1] Although not completely clear, the plaintiff alleged that inmate Lester Moran threw a liquid substance, which was some kind of human waste, in the plaintiff's cell. The court interprets these allegations to mean that the plaintiff contracted IBS from the exposure to human waste. Nothing in the plaintiff's complaint suggests that any of the defendants directly caused the plaintiff to contract IBS, or that they had or have any direct involvement in the plaintiff's medical treatment for IBS.